The opinion of the Court was delivered by
Joiinson, J.
Location is necessarily a question of evidence, and cannot therefore ever be reduced to any fixed or definite rules; and it is only by the application of general principles to it, that its weight or influence can be determined. Among those applicable to this subject, there is none perhaps better established or more generally received, than that course and distance must yield to actual marks, whether they are natural *1011 0:L' artifieial. *[1] The reason appears tome obvious. Bad instru-J ments, and the innumerable errors which every day’s experience developes, would ever render it uncertain. And it is equally clear, that, in the absence of marks, course and distance must from necessity, determine the location.
The correctness of the verdict in this case, will, I think, be clearly demonstrated, by the application of these principles to the facts. In the original plat, the river is represented as running almost in a direct line immediately within the southern boundary of the land. If, then, it be true, that course and distance must yield to marks, it follows, that you cannot run that line across the river. But it was said in the argument, in the Court below, that the river ought not to control the course, because it was not itself represented as the boundary. This argument accedes the position, that if it had, the course would yield, and prove, I think, rather too much ; for this strange absurdity would follow, viz,: In the event of its being called for, as an external boundary, you would be bound to pursue all its windings, however ridiculous and absurd, and it is to be.wholly disregarded as any evidence of location, if it be represented as running within the land.
But this case may, I think, be determined on another principle. If we are to judge from the grant and the plat annexed to it of the intention of the parties to it, if indeed the State can be supposed to have any mind upon the subject, all the land within the lines north of the river, ivas intended to be granted ; for it is so represented in the plat; and no one will doubt, that the intention of the parties, collected from the grant itself, is conclusive.
I have before remarked, that course and distance must determine the location in the absence of actual marks.[2] This principle is, I think, applicable to the position taken on the part of the defendant, that the two lines crossing the river should be extended so far southwardly as to include the bend of the river by a straight line from their terminations. It will be *1021 *reG0llected, that all the lines south of the river are open lines ; -J there is nothing, then, on either of these lines to carry you beyond the given distance, and it is not until you turn your course to close those two points, that you meet with any obstruction, you then encounter the river, to which, as a mark, your course must yield, and turns you aside until you arrive at your true course again.
The motion must therefore be discharged.
Coloook, InTott, Gantt and Richakdson, concurred.
1 Strob. 146; 2 McM. 48; 9 Rich. 152: 6 Rich. 83.

 9 Rich. 159.

 6 Rich. 90.